# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| FLEX, LLC F/K/A CLOUDTRUCKS FLEX LLC, <br><br> Plaintiff, <br><br> v. <br><br> STUBBLEFIELD AND ASSOCIATES, LLC, <br><br> Defendant. | Civil Action No. 3:23-cv-01295 <br><br><br> *Demand for Jury Trial* |

## COMPLAINT

Plaintiff Flex, LLC f/k/a CloudTrucks Flex, LLC ("Plaintiff" or "Flex"), by and through its undersigned counsel, brings this complaint (the "Complaint") against Defendant Stubblefield and Associates, LLC ("Defendant"), and in support thereof, respectfully states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Flex, LLC f/k/a CloudTrucks Flex, LLC is a Delaware limited liability company, with its principal place of business at 81 Langton Street, San Francisco, California 94103.

2. Plaintiff's sole member is Cloud Technologies, Inc., which is a Delaware corporation, with its principal place at 612 Howard Street. Suite 600, San Francisco, California 94105.

3. Defendant Stubblefield and Associates, LLC is a limited liability company formed and existing pursuant to the laws of the State of Texas, with its principal place of business at 1910 Pacific Avenue, Suite 5025, Dallas, Texas 75201.

4. The Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and involves an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2), because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims described herein occurred in this district.

6. Defendant is subject to personal jurisdiction in this Court because the Instant Pay Agreement (the "Agreement") entered into between Plaintiff and Defendant on October 22, 2021, provides that a state or federal court of competent jurisdiction in the State of Texas is the exclusive forum for disputes arising thereunder.

## FACTS

7. Plaintiff provides an instant-pay solution for truck drivers.

8. Defendant is a motor carrier that provides interstate transportation services.

9. On or about October 22, 2021, Plaintiff and Defendant executed the Agreement which, among other things, provided Defendant with instant payment from Plaintiff for completed deliveries in exchange for the Defendant's accounts receivable, *i.e.*, a factoring agreement. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

10. Pursuant to the Agreement, Defendant agreed to, among other things, (i) pay all required obligations; (ii) refrain from making any false representations, covenants, or warranties to Plaintiff; and (iii) not impair Plaintiff's rights under the Agreement. *See id.* at §§ 9.1(a), (b), and (g).

11. Failure to abide by these provisions each constitutes an event of default ("Event of Default"). *Id.*

12. Upon the occurrence of an Event of Default, Plaintiff may, without notice, immediately terminate the Agreement and/or declare all obligations immediately due and payable and all fees, expenses and other obligations shall accrue interest at a rate of five percent (5%) per annum, which such interest shall be due and payable upon the sooner of on demand or together with any such fee, expense, or other obligation. *See id.* at § 9.2.

13. Defendant also agreed to reimburse Plaintiff for the actual costs and expenses, including attorneys' fees, which Plaintiff may incur in enforcing the Agreement. Agreement at § 16.

14. Plaintiff recently became aware that between June 20, 2022, and August 4, 2022, Defendant knowingly and intentionally submitted fraudulent accounts receivable totaling $114,221.22 for payment from Plaintiff (the "Fraudulent Accounts"). A true and correct copy of the Fraudulent Accounts is attached hereto as **Exhibit B** and incorporated by reference herein.

15. Defendant knowingly and intentionally accepted payments totaling $114,221.22 from Plaintiff on the Fraudulent Accounts.

16. On September 27, 2022, Plaintiff sent a letter to Defendant notifying it that, as of that date, Defendant was in breach of the Agreement, and thus in default. Plaintiff also notified Defendant that Plaintiff was terminating the Agreement, but such termination would not be deemed a Complete Termination (as defined in the Agreement) until the Fraudulent Accounts were repaid in full, together with interest at 5% per annum pursuant to Section 9.2 of the Agreement. A true and accurate copy of Plaintiff's demand letter is attached as **Exhibit C** and is incorporated by reference herein.

17. Plaintiff also notified Defendant that it was exercising its right under Section 10.2 of the Agreement to set off the amounts owed to Plaintiff by applying the $4,021.78 in Defendant's CT Cash Account against the Fraudulent Accounts. As a result, the amount due and owing to Plaintiff from Defendant is $110,199.44 ($114,221.22 - $4,021.78) (the "Amount Due"). *See* **Exhibit C.**

18. Despite Plaintiff's demand, Defendant has failed to pay Plaintiff the Amount Due under the Agreement.

19. Consequently, Plaintiff is entitled to recover damages from Defendant in an amount to be proven at trial of no less than One Hundred Ten Thousand One Hundred Ninety-Nine and 22/100 dollars ($110,199.44), plus interest at 5% per annum, plus pre-judgment and post-judgment interest as allowed by law, costs, and reasonable attorneys' fees. *See* **Exhibit A** at §§ 9.2, 16; 38.001 *et seq*., Tex. Civ, Prac. & Rem. Code.

## COUNT I—BREACH OF CONTRACT AGAINST DEFENDANT

18. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

19. A contract exists between Plaintiff and Defendant in the Agreement. *See* **Exhibit A.**

20. Pursuant to the Agreement, Defendant agreed to, among other things, (i) pay all required obligations; (ii) refrain from making any false representations, covenants, or warranties to Plaintiff; and (iii) not impair Plaintiff's rights under the Agreement. *See id.* at §§ 9.1(a), (b), and (g).

21. At all material times, Plaintiff has fulfilled the conditions required of it under the Agreement.

22. Defendant has breached its contractual obligations under the Agreement, including, and without limitation: (i) Section 9.1(a) by failing to perform under the Agreement by submitting the Fraudulent Accounts and not paying Plaintiff with actual accounts receivable or other compensation; (ii) Section 9.1(b) by making false representations, warranties, and covenants to Plaintiff as to the Fraudulent Accounts; and (iii) Section 9.1(g) by impairing Plaintiff's rights under the Agreement as Plaintiff does not possess enough of Defendant's collateral to satisfy the Amount Due.

23. Despite demand, Defendant has not paid the amounts owed to Plaintiff.

24. Consequently, Plaintiff is entitled to recover damages from Defendant in an amount to be proven at trial of no less than One Hundred Ten Thousand One Hundred Ninety-Nine and 22/100 dollars ($110,199.44), plus interest at 5% per annum, plus pre-judgment and post-judgment interest as allowed by law, costs, and reasonable attorneys' fees. *See* **Exhibit A** at §§ 9.2, 16; 38.001 *et seq.*, Tex. Civ, Prac. & Rem. Code.

### COUNT II—COMMON LAW FRAUD AGAINST DEFENDANT

25. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

26. In connection with the execution of the Agreement, Defendant made a material representation to Plaintiff that it would not submit fraudulent accounts receivable to Plaintiff.

27. When Defendant executed the Agreement, Defendant knew it would submit fraudulent accounts receivable to Plaintiff and/or did so recklessly.

28. Defendant intended to induce Plaintiff into signing the Agreement to provide payments to Defendant in exchange for the fraudulent accounts receivable.

29. Defendant intentionally committed its fraud herein with malice for the purpose of injuring Plaintiff.  As such, Defendant is liable to Plaintiff for exemplary damages, for which damages Plaintiff sues.

30. Plaintiff actually and justifiably relied on Defendant's false representation and paid Defendant $114,221.22 on the fraudulent accounts receivable; therefore, Plaintiff has suffered actual damages.

## COUNT III—UNJUST ENRICHMENT AGAINST DEFENDANT

31. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

32. As described above, Plaintiff provided $114,221.22 to Defendant in exchange for accounts receivable, which were fraudulent.

33. Defendant received, and was enriched by, the benefit of $114,221.22 provided by Plaintiff but Plaintiff did not receive valid accounts receivable from Defendant associated with that benefit.

34. The benefit conferred upon Defendant is at the expense of, and to the detriment of, Plaintiff.

35. Defendant has a legal and/or equitable obligation to reimburse Plaintiff.

36. It is against equity and good conscience for Defendant to retain the benefit of $114,221.22 (before setting off the amounts in the CT Cash Account) from Plaintiff without reimbursement or restitution.

37. As a result, Plaintiff is entitled to judgment in its favor and against the Defendant in an amount to be proven at trial of no less than One Hundred Ten Thousand One Hundred Ninety-Nine and 22/100 dollars ($110,199.44), plus interest at 5% per annum, plus pre-judgment and post-judgment interest as allowed by law, costs, and reasonable attorneys' fees. *See* **Exhibit A** at §§ 9.2, 16; 38.001 *et seq.*, Tex. Civ, Prac. & Rem. Code.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing factual allegations and applicable legal theories, whether stated herein above or determined at a later time based upon the evidence presented at trial, Plaintiff Flex, LLC f/k/a/ CloudTrucks Flex, LLC

respectfully requests judgment in its favor against Defendant Stubblefield and Associates, LLC, on all claims for relief and providing the following:

1. Damages in an amount not less than One Hundred Ten Thousand One Hundred Ninety-Nine and 22/100 dollars ($110,199.44);

2. Interest at 5% per annum from August 4, 2022, until the date of judgment;

3. Post-judgment interest to the extent permitted by law;

4. Reasonable and necessary attorneys' fees and costs;

5. An award of exemplary damages to Plaintiff in an amount to be proven at trial; and

6. All other just and appropriate relief determined by the Court.

Respectfully submitted,

/s/*Vic Houston Henry*
Vic Houston Henry
TBA No. 09484250
vhhenry@hoaf.com
**HENRY ODDO AUSTIN & FLETCHER,**
   **A Professional Corporation**

1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile: (214) 658-1919

**BENESCH, FRIEDLANDER, COPLAN, & ARONOFF LLP**

Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7063
Facsimile: (302) 442-7012
Email: kcapuzzi@beneschlaw.com
        jgentile@beneschlaw.com

**ATTORNEYS FOR PLAINTIFF FLEX, LLC F/K/A/ CLOUDTRUCKS FLEX, LLC**