UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FLEX, LLC F/K/A CLOUDTRUCKS FLEX LLC, §<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>STUBBLEFIELD AND ASSOCIATES, LLC, §<br>§<br>*Defendant*. §<br>§ | Civil Action No. 3:23-CV-1295-X |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Flex, LLC f/k/a Cloudtrucks Flex LLC ("Flex") sued Stubblefield and Associates, LLC ("Stubblefield") for allegedly breaching a contract. Having already obtained the clerk's default on liability, Flex now seeks a default judgment against Stubblefield that includes a damages award and attorney's fees (Doc. 12). For the reasons below, the Court **GRANTS** the motion for default judgment and enters judgment in favor of Flex.

**I. Background**

Flex provides an instant pay solution for truck drivers. Stubblefield is a motor carrier. Flex and Stubblefield entered into an agreement for Flex to provide instant payment to Stubblefield in exchange for certain payments from Stubblefield. Flex claims it became aware of Stubblefield submitting fraudulent accounts receivable that Flex paid $114,221.22 on. When Stubblefield refused to pay Flex's demand for that sum and fees under the agreement, Flex sued Stubblefield for breach. When Stubblefield failed to timely answer, Flex obtained a clerk's default and moved for

default judgment.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> 
> (A) conduct an accounting;
> 
> (B) determine the amount of damages;
> 
> (C) establish the truth of any allegation by evidence; or
> 
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3]  Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted and finds Stubblefield not to be incompetent or a minor.  And the declaration from Flex's counsel indicates Stubblefield is not on active-duty status with the Uniformed Services of the United States of America.  And while Rule 55 allows for hearings, it does not command them.  Flex's motion is supported by an affidavit on damages.  As a result, a ruling without a hearing is proper.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors.  First, there are no material facts in dispute because Stubblefield has not filed any responsive pleading.  Second, regarding substantial prejudice, Stubblefield's failure to respond could bring adversarial proceedings to a halt and substantially prejudice Flex, but not itself.  Flex first filed its complaint roughly one year ago.  Third, Stubblefield's continual failure to respond or participate in this litigation clearly establishes grounds for the default.  Fourth, regarding mistake or neglect, there is no reason to believe Stubblefield is acting under a good faith mistake or excusable neglect.  Fifth, regarding the

---

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

harshness of a default judgment, the Court is only awarding damages within the contract. The sixth factor is whether the Court would grant a motion to set aside the default. The pleadings, the lack of response, and, consequentially, the failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. Thus, the Court concludes a default judgment is appropriate under these circumstances.

### B. Sufficiency of Flex's Breach Claim

Next, the Court must assess the merits of Flex's breach claim. Although Stubblefield, by virtue of its default, is deemed to have admitted Flex's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[5] "In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[6]

Here, the parties entered into the agreement, wherein Stubblefield promised to submit invoices with accounts receivable to Flex, and Flex agreed to provide "[Stubblefield] with instant payment . . . for completed deliveries."[7] Flex performed under the agreement by paying the invoices Stubblefield would present to Flex from June 20, 2022, through August 4, 2022 totaling $114,221.22. But Stubblefield breached by submitting fraudulent accounts when services were not performed. The

---

[5] *Nishimatsu*, 515 F.2d at 1206.

[6] *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

[7] Doc. 1 at 3; *see also* Doc. 13 at 35.

amount currently due and owing is $110,199.44.[8]  Also, in accordance with section 9.2 of the agreement, Flex is entitled to an additional award of 5% interest per annum.[9]  This amounts to $11,295.44 in interest from June 4, 2022 to June 4, 2024.[10]

### C. Damages

As addressed above, Flex's complaint, motion, and appendix show it is entitled to $110,199.44 in damages for breach and $11,295.44 in contractual prejudgment interest.

Flex also seeks $1,875 in attorney's fees.  Texas law provides for fees in breach of contract cases, and the Court must look to the lodestar.  The supporting affidavit shows hourly rates of $250 for shareholder attorneys, $200 for associate attorneys, and $175 for paralegals.  The Court finds these hourly rates to be reasonable and customary in this area for this type of work.  And the attorneys and paralegal worked 21 hours on the complaint and default judgment briefing, totaling $1,875.  The Court has reviewed the itemized invoices to ensure the attorneys exercised billing judgment.  The Court commends them for their accuracy and discretion.  The Court sees no basis under the *Johnson* factors to depart from the lodestar, and Flex asks for none.

Flex is also entitled to costs of Court.  It should file a bill of costs within 14 days.

---

[8] Doc. 13 at 39.  The $4,021.78 delta is due to that amount being bona fide obligations that were owed to Flex and were to offset the $114,221.22 in fraudulent accounts receivable.  *Id*.

[9] *Id*. at 37.

[10] The agreement provides for 5% interest "per annum," which means compounded annually.

Finally, Flex is entitled to post-judgment interest as allowed by law.[11]

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Flex's motion for default judgment against Stubblefield. The Court awards Flex $110,199.44 against Stubblefield in damages for breach of contract, $11,295.44 in contractual prejudgment interest, costs to be determined by the clerk after filing of a bill of costs, attorney's fees of $1,875, and post-judgment interest of 5.21%. This is a final judgment. The Court further **ORDERS** Flex to file a bill of costs within 14 days. All other relief not expressly granted is denied.

**IT IS SO ORDERED** this 4th day of June, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[11] *See* 18 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). The 1-year average Treasury yield on May 28 (Monday, May 27 was Memorial Day holiday) was 5.21%. *See* Selected Interest Rates (Daily) - H.15, Board of Governors of the Federal Reserve System, May 31, 2024, *at* https://www.federalreserve.gov/releases/h15/.